UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DRAPER LEE QUEEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1383** |
| **TERREBONNE PARISH** | **SECTION: "I"(1)** |

### REPORT AND RECOMMENDATION

Petitioner, Draper Lee Queen, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITHOUT PREJUDICE**.

On April 11, 2022, petitioner pleaded guilty to negligent homicide under Louisiana law and was sentenced to a term of five years imprisonment.[1] He did not challenge that state criminal judgment on either direct or collateral review in the state courts.[2] Instead, he proceeded directly to federal court, filing the instant application for federal relief.[3] In its answer, the respondent argues that petitioner's federal application should be dismissed because he has not yet exhausted his remedies in the state courts.[4] Petitioner was afforded an opportunity to file a reply to that answer,[5] but no such reply was filed.

Federal law is clear: "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity

---

[1] State Rec., Vol. 1 of 1, transcript of April 11, 2022; State Rec., Vol. 1 of 1, minute entry dated April 11, 2022. The state court record reflects that petitioner also pleaded guilty to two counts of forgery on that same date; however, he is challenging **only** the negligent homicide conviction in this federal proceeding. See Rec. Doc. 5, p. 1; Rec. Doc. 5-1, p. 1.
[2] See Rec. Doc. 5, pp. 2-3.
[3] Rec. Doc. 5.
[4] Rec. Doc. 12.
[5] Rec. Doc. 7, p. 2.

to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  The United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.  Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted).  That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been fairly presented to "each appropriate state court (including a state supreme court with powers of discretionary review)."  Baldwin, 541 U.S. at 29.

Because petitioner has not presented his claims to the state courts in the first instance, his claims are unexhausted.  A federal petition asserting unexhausted claims should be dismissed without prejudice.  See, e.g., Bufalino v. Reno, 613 F.2d 568 (5th Cir. 1980).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Draper Lee Queen be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this 6th day of September, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.